UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | * * * |
| Plaintiff, | * * |
| v. | * * * |
| DOUGLAS HUGHES, Individually and as Representative of the Estates of Renee True and David True; RYAN TRUE; and CATHERINE TRUE, | * * * * * |
| Defendants. | * * |

Civil Action No. 22-cv-11526-ADB

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Metropolitan Life Insurance Company ("MetLife") filed this interpleader action against Douglas Hughes ("Hughes"), individually and as representative of the estates of Renee True ("Renee"), David True ("David" or "Decedent"), Ryan True ("Ryan"), and Catherine True ("Catherine"), seeking a determination by the Court of the proper beneficiary of life insurance benefits associated with a policy for the Decedent. [ECF No. 1 ("Complaint" or "Compl.")]. After Catherine failed to plead or otherwise defend in this action, the Court entered default judgment against her. [ECF Nos. 42, 51]. Presently before the Court is Hughes's motion for summary judgment. [ECF No. 69]. For the following reasons, the motion is **GRANTED IN PART**.

1

The Court draws the following facts from Ryan's answer to the Complaint, [ECF No. 31], and Hughes's Rule 56.1 statement of material facts, [ECF No. 71], which Ryan is deemed to have admitted, L.R. 56.1 ("Material facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties."); see also [ECF No. 76 (indicating that Ryan will not oppose summary judgment)], as well as the documents referenced therein.

On December 9, 2020, Ryan killed his parents, first David, his stepfather, and then Renee, his mother. [ECF No. 71 ¶¶ 20–32]. At the time of his death, David had basic life insurance coverage in the amount of $50,000 and accidental death and dismemberment insurance coverage in the amount of $50,000 through an ERISA-governed employee welfare benefit plan issued to David's employer by MetLife. See [ECF No. 31 ¶ 10]; [ECF No. 1-1 at 24]. The latest beneficiary designation on file names Renee as the primary beneficiary and Ryan as the contingent beneficiary and notes that "[a] Contingent Beneficiary will receive benefits only if the Primary Beneficiary does not survive you." [ECF No. 1-3 at 2].

On September 16, 2022, MetLife initiated the instant interpleader action to determine the proper beneficiary of David's life insurance benefits. [ECF No. 1]. On November 18, 2022, Hughes, Renee's son, answered the Complaint in interpleader and asserted counter- and crossclaims against MetLife, Catherine (David's mother), and Ryan. [ECF No. 7]; see also [ECF No. 44 (First Amended Answer and Crossclaim)]. After neither Catherine nor Ryan answered or otherwise responded to the Complaint, Hughes filed a motion for default judgment against them, [ECF No. 16], which the Court granted as to Catherine on January 3, 2024, [ECF No. 41]. On Hughes's motion, the Court appointed a guardian ad litem for Ryan, who had been indicted on

murder charges in state court but deemed incompetent to stand trial, [ECF Nos. 22, 25]. Ryan's guardian ad litem answered the Complaint on September 5, 2023, [ECF No. 31], and Hughes's crossclaim on February 6, 2024, [ECF No. 45]. On November 7, 2024, the Court stayed this action pending completion of the criminal proceedings against Ryan. [ECF Nos. 63, 64].

On May 8, 2025, after he was deemed competent, a Massachusetts jury found Ryan guilty of two counts of first-degree murder, and, on May 9, 2025, he was sentenced to two consecutive life sentences. [ECF No. 71 ¶¶ 36–37]; see also [ECF No. 70-4 at 12, 22–23]. This Court then lifted the stay, [ECF No. 68], and, on August 13, 2025, Hughes moved for summary judgment in his favor on all pending claims and crossclaims, [ECF No. 69]. On September 3, 2025, Ryan, through his guardian ad litem, moved for an extension of time to respond to the motion for summary judgment, [ECF No. 72], which the Court granted, [ECF No. 73]. Ryan did not file a response by the extended deadline, and, when the Court ordered him to show cause why Hughes's summary-judgment motion should not be granted, [ECF No. 74], his guardian ad litem filed a response stating that he and Ryan had decided "[a]fter consultation" not to oppose Hughes's motion for summary judgment, [ECF No. 76]. Ryan's guardian ad litem further stated that he had offered Hughes a stipulation for judgment, which Hughes had refused to accept on the ground that it provided for payment of guardian ad litem fees from the proceeds of the insurance policy. [Id.].

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] court confronted with an unopposed summary judgment motion is still required 'to test the undisputed facts in the crucible of the applicable law in order to ascertain

3

whether [summary] judgment is warranted.'" Rivera-Aponte v. Gomez Bus Line, Inc., 62 F.4th 1, 8 (1st Cir. 2023) (quoting Vélez v. Awning Windows, Inc., 375 F.3d 35, 42 (1st Cir. 2004)).

Hughes asks the Court to award him the proceeds of David's insurance policy, relying on the following two-step argument. First, he argues that Renee's estate is entitled to the proceeds of the insurance policy because David predeceased Renee, who, under the terms of the policy, was David's primary beneficiary. [ECF No. 70 at 2–3]. Second, he argues that he is Renee's sole heir because Ryan killed Renee and is thus precluded from taking from her estate under Mass. Gen. Laws ch. 265, § 46. [Id. at 3–4].

The Court ultimately agrees that, based on the record before it, Hughes is entitled to the proceeds of David's life insurance. With respect to the first step of Hughes's argument, it is well-settled that "'provisions of an ERISA-regulated employee benefit plan must be interpreted under principles of federal common law,' which 'embodies commonsense principles of contract interpretation,' such as giving effect to the language's 'plain, ordinary, and natural meaning.'" Ministeri v. Reliance Standard Life Ins. Co., 42 F.4th 14, 22 (1st Cir. 2022) (quoting Filiatrault v. Comverse Tech., Inc., 275 F.3d 131, 135 (1st Cir. 2001)), though federal courts may also resort to state law "in order to find the rule that will best effectuate the federal policy," Parmenter v. Prudential Ins. Co. of Am., 93 F.4th 13, 21 (1st Cir. 2024) (quoting Nash v. Trs. of Bos. Univ., 946 F.2d 960, 965 (1st Cir. 1991)). Here, the beneficiary designation states that Ryan, as the Contingent Beneficiary, is to receive the benefits of the policy "only if the Primary Beneficiary," Renee, "does not survive [the insured party]," [ECF No. 1-3 at 2]; in other words, under the terms of the policy, Ryan would be entitled to benefits as the Contingent Beneficiary only if Renee did not survive David. Here, the record establishes that Renee did survive David, dying

4

one hour after her husband. [ECF No. 71 ¶ 27]. Thus, the Court holds that Renee's estate is entitled to the benefits of David's life insurance.

With respect to the second step of Hughes's argument, the Court agrees that Ryan is precluded both as a matter of Massachusetts law and as a matter of federal common law from receiving the proceeds of David's life insurance policy, either directly or through Renee's estate, because he was responsible for David's and Renee's deaths. Lincoln Nat'l Life Ins. Co. v. Bonds, No. 23-cv-10360, 2025 WL 470760, at *9 & n.14 (D. Mass. Feb. 12, 2025); see also Mass. Gen. Laws ch. 265 § 46 ("The court shall prohibit any person charged with the unlawful killing of the decedent from taking from the decedent's estate through its distribution and disposition . . . [and] shall consider any person convicted of the unlawful killing of the decedent as predeceasing the decent for the purpose of distribution and disposition of the decedent's estate . . . ."). Accordingly, Hughes, as the sole remaining eligible heir of Renee, [ECF No. 70 at 4], is entitled to the proceeds of David's life insurance policy.

For the reasons stated above, Hughes's motion for summary judgment, [ECF No. 69], is **GRANTED IN PART**. MetLife is **ORDERED** to deposit $5,000 of the life insurance proceeds with the Court in accordance with Local Rule 67.2 and pay out the remainder of the proceeds to Hughes. Ryan True's guardian ad litem is **ORDERED** within fourteen days of this order to file a motion in accordance with Federal Rule of Civil Procedure 54(d) setting forth the amount he seeks as a reasonable fee for his services. Hughes may oppose the motion within fourteen days after it is served.

**SO ORDERED.**

November 17, 2025                              */s/ Allison D. Burroughs*
                                               ALLISON D. BURROUGHS
                                               U.S. DISTRICT JUDGE

5